UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Debra Bell,<br><br>                           Plaintiff,<br><br>v.<br><br>Bank of America, N.A., et al.,<br><br>                          Defendants. | Case No.: 3:19-cv-0188-AJB-MDD<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>**(Docs. No. 20, 22)** |

Before the Court are Defendant Bank of America N.A.'s and Wells Fargo Bank, N.A.'s motions to dismiss for lack of jurisdiction and failure to state a claim. (Docs. No. 20, 22.) The Court finds Bell fails to adequately allege jurisdiction and fails to state a claim. On July 25, 2017, the Court held a hearing on the motions to dismiss to address the stated deficiencies, however, Bell failed to appear. Thus, the Court **GRANTS** Defendants' motions and **DISMISSES** the case. (Docs. No. 20, 22.)

**I.    BACKGROUND**

Bell brings this claim against Bank of America and other entities for "improper mortgage company procedures" leading to "improper noticing for mortgage note and deed activities." (Doc. No. 14 at 5.) Bell maintains there is no valid trustee deed leaving Defendants without any legal rights or interests in the subject property. (*Id.*) Bell seeks the property as well as $1.25 million in monetary and punitive damages. (*Id.*)

While Bell's amended complaint is bare on factual allegations, Bank of America ("BOA") provided context in its motion to dismiss. (Doc. No. 20-1 at 2–3.) While the Court will not presume these facts as true for the purposes of the dismissal motion, the Court includes them here only for clarity. Some of the facts are accompanying by a request for judicial notice, discussed herein. BOA states it "acquired Gloria Bernice German's [] real property at a non-judicial foreclosure sale after she defaulted on a loan secured by a deed of trust." (*Id.* at 2.) BOA surmises Bell brings this action "premised on the erroneous theory that the promissory note was split from the deed of trust." (*Id.*) The Court previously dismissed Bell's complaint for failure to plead diversity jurisdiction and for failure to state a claim. (Doc. No. 11.) In her amended complaint, she alleges the Court has both federal question and diversity jurisdiction.

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(1)

Under Federal Rule of Civil Procedure Rule 12(b)(1), a defendant may seek to dismiss a complaint for lack of jurisdiction over the subject matter. The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. v. New York*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 95 (1998). When considering a Rule 12(b)(1) motion to dismiss, the district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. *See Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In such circumstances, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quoting *Thornhill Publishing Co. v. General Telephone & Electronic Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). Plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

**B.     Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation and internal quotation marks omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party. *See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged . . . ." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" because pro se litigants are more prone to making errors in pleading than litigants represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations omitted); *see Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds*, *Lopez*, 203 F.3d at 1126–30 (9th Cir. 2000). Thus, the Supreme Court has held that federal courts should liberally construe the "'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).

Therefore, the Court will liberally construe this Plaintiff's legal claims when

considering whether the complaint should be dismissed. However, pro se plaintiffs are expected to follow "the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer."). Thus, failure to meet procedural requirements will receive less latitude.

## III. REQUEST FOR JUDICIAL NOTICE

BOA requests judicial notice of four exhibits pertaining to the action. (Doc. No. 21.) They are a corporation grant deed, a deed of trust, a quitclaim deed, and a trustee's deed upon sale. (*Id.*)

Documents that are matters of public record, publicly available, and the accuracy of which is not reasonably subject to debate are proper for judicial notice. Fed. R. Civ. P. 201(b). Here, each exhibit contains the recorder's seal for San Diego County, California. (Doc. No. 21 at 4, 6, 16, 18.) Public records are a proper subject for judicial notice. *Santo Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006). Therefore, the request for judicial notice is **GRANTED**.

## IV. DISCUSSION

Defendants move to dismiss on two grounds. First, Defendants argue the Court lacks jurisdiction over the claims. Second, Defendants assert Bell failed to state a claim for relief.

### A. The Court Lacks Federal Question Jurisdiction

Plaintiff alleges both federal question and diversity jurisdiction. (Doc. No. 14 at 3.) However, under the section specifying the federal issues in the case, Bell wrote "N/A." On the next page, under a section requesting information on amount in controversy, Bell states, "per 28 USC, 1331–1446, including, but not limited to, individual civil rights pertaining to the Constitution of the United States, federal jurisdiction is applicable and justified as the amount in controversy exceeds $75,000. Amount is stipulated as $1,250,000.00." (*Id.* at

4.) Construing Bell's complaint liberally, the Court looks to the statutes cited for federal jurisdiction. However, 28 U.S.C. §§ 1331–1446 do not give basis for a claim such as this. For example, 28 U.S.C. § 1339 pertains to postal matters; § 1345 is to be used when the United States is a plaintiff; § 1356 deals with maritime law; § 1363 is jurors' employment rights; §§ 1390–1413 deal with venue; and §§ 1441–1446 discuss removal of a case from state court. None of the other statutes provide valid jurisdiction.

Bell also mentions her due process rights were denied due to improper noticing. (Doc. No. 14 at 5.) Such a claim would trigger federal jurisdiction, however, neither her complaint nor her response, (Doc. No. 24), clarify what facts give rise to a due process claim. Under Federal Rule of Civil Procedure 8(a)(2), "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. The mere allegation of a due process violation "is not sufficient to raise a 'colorable' constitutional claim to provide subject matter jurisdiction." *Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1992). Rather, the plaintiff must allege "facts sufficient to state a violation of substantive or procedural due process." *Id.* Here, she fails to do so. Accordingly, the Court cannot base jurisdiction on an insufficient due process claim.

### B. The Court Lacks Diversity Jurisdiction

Federal courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332. Proper jurisdiction under Section 1332 requires complete diversity, so each plaintiff must be diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). The test for citizenship of a national banking association is the location of its main office as designated in its articles of incorporation. 28 U.S.C. § 1348; *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 306–07 (2006); *Rouse v. Wachovia Mortg.*, FSB, 747 F.3d 707, 712 (9th Cir. 2014).

Here, Bell states the principle place of business for BOA is Texas, SDBH is Iowa, and Celink is California. (Doc. No. 14 at 4.) Bell is a California resident. As Bell and Celink are both California residents, diversity is not met.

Diversity jurisdiction also requires that the amount in controversy exceed $75,000. 28 U.S.C. § 1332. "[W]hen a plaintiff seeks to quiet title to a property or permanently enjoin foreclosure, the object of the litigation is the ownership of the property. Therefore, the value of the property or the amount of indebtedness on the property is a proper measure of the amount in controversy." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 776 (9th Cir. 2017); *see also Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011); *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973). If the complaint does not allege the specific value of the property at issue, the court can look to the value of the loan or the current indebtedness to determine that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *See, e.g.*, *Lee v. Wells Fargo Bank, N.A.*, No. EDCV 15-01313 VAP, 2015 WL 5618869, at *5 (C.D. Cal. Sept. 24, 2015) (stating the complaint did not allege property value, but did allege that plaintiff "obtained a loan of $1,040,000 from Defendant that was secured by the Property," thus it was "unlikely" that the property's value fell below the $75,000 threshold); *Rose v. J.P. Morgan Chase, N.A.*, No. CIV 2:12-225 WBS CMK, 2012 WL 892282, at *2 (E.D. Cal. Mar. 14, 2012) (finding the use of property to secure $349,000 loan "sufficient to suggest by a preponderance of the evidence that the amount in controversy is above $75,000").

Here, Bell still does not include the value of the property. Rather, she conclusively states "the amount in controversy exceeds $75,000." (Doc. No. 14 at 4.) She also falsely states the "amount is stipulated as $1,250,000.00" (*Id.*) Neither of these measurements meet the requirements needed to properly allege the amount in controversy. Thus, she does not meet this requirement either. Accordingly, the Court finds it does not have diversity jurisdiction either.

**C. The FAC Fails to State a Claim**

Before analyzing the substance of Bell's claims, Bell's complaint fails the basic pleading requirement in Federal Rule of Civil Procedure 8. In her amended complaint, Bell alleges fraud, negligence, and misrepresentation. (Doc. No. 14 at 5.) However, as with her first complaint, she fails to allege facts supporting any of these claims. The statements Bell

6

provides in her complaint are either conclusory or simply do not exist. For example, Bell states she is bringing a claim for negligence, but fails to allege how any Defendant acted negligently. She also brings a claim for misrepresentation but does not allege any statements or representations any Defendant made to her, let alone any statement's falsity.

Moreover, BOA argues Bell cannot state a claim because she is not the real party in interest. (Doc. No. 20-1 at 5.) Federal Rule of Civil Procedure 17 states that "[a]n action must be prosecuted in the name of the real party in interest." Here, Bell is challenging "the non-judicial foreclosure sale of the Property." (Doc. No. 20-1 at 5.) Yet, as Defendants note, another person was the former owner of the property. (RJN, Doc. No. 21, Ex. 1, 3.) The Corporation Grant Deed shows "Gloria Burnice German" was the owner of the subject property. (Doc. No. 21 at 4.) Also, a quitclaim deed specifies Ms. German as the owner of the subject property. (*Id.* at 16.) During the July 25, 2019 motion hearing, Wells Fargo clarified that Ms. German is Bell's deceased mother, and that foreclosure proceedings were initiated after her death. However, the judicially-noticed documents make clear that Bell is not on any of the original title-owners deeds and has not shown any transfer or other interest in the subject property. Thus, without being the real party in interest, Bell lacks any standing to sue.

BOA also argues that Bell's basic theory—that the promissory note was split from the Deed of Trust—is erroneous. (Doc. No. 20-1 at 5.) BOA notes the Ninth Circuit has rejected a theory that the promissory note can be split from the Deed of Trust. (Doc. No. 20-1 at 5.) In *Cervantes v. Countrywide Home Loans, Inc.*, the Court found that "[e]ven if we were to accept the plaintiffs' premises that MERS is a sham beneficiary and the note is split from the deed, we would reject the plaintiffs' conclusion that, as a necessary consequence, no party has the power to foreclose." 656 F.3d 1034, 1044 (9th Cir. 2011). Thus, even if the Court accepted the complaint's deficiencies, Bell's theory of the case would not have prevented foreclosure on the subject property.

## V. CONCLUSION

It is entirely unclear to the Court what facts Bell's claims are founded in and how

she relates to them. It is entirely clear to the Court, however, that her complaint lacks jurisdiction nevertheless. Thus, the Court finds Bell both fails to allege jurisdiction and fails to state a claim for relief. The Court **GRANTS** Defendants' motions to dismiss, (Docs. No. 20, 22), and **DISMISSES** Bell's complaint without leave to amend. As stated at the motion hearing, the Court finds another amendment would be futile as the theory of Bell's case is untenable with Ninth Circuit law. The Court **DIRECTS** the Court Clerk to close the case.

**IT IS SO ORDERED.**

Dated: July 29, 2019

Hon. Anthony J. Battaglia
United States District Judge